**SO ORDERED.**

**SIGNED this 07 day of July, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | No. 04-15922 |
| | ) | Chapter 7 |
| **CONSOLIDATED STONEWORKS, INC.** | ) | |
| Debtor | ) | |
| | ) | |
| **THOMAS E. RAY, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v | ) | Adversary Proceeding |
| | ) | No. 06-1066 |
| **ROBERT M. ALLEN, II, STONE MASONS** | ) | |
| **SUPPLY OF ATLANTA, LLC, STONE** | ) | |
| **MASONS SUPPLY OF NORTH CAROLINA,** | ) | |
| **LLC, STONE MASONS SUPPLY OF** | ) | |
| **FLORIDA, LLC, and ROBERT M. ALLEN, II** | | |
| **AS CO-TRUSTEES OF THE GALE T.** | ) | |
| **ALLEN LIVING TRUST,** | ) | |
| | ) | |
| Defendants | ) | |

**M E M O R A N D U M**

This adversary proceeding is before the court on defendants' Motion to Dismiss and

Motion for Transfer of Venue. The defendants argue that a final order in a previous adversary

action in this case, No. 05-1081, precludes all of the relief the trustee seeks in this current adversary action, contending in particular that the doctrines of res judicata, collateral estoppel, and judicial estoppel bar the trustee's claims. The defendants also take the position that certain agreed orders entered by the court, which settled objections by the trustee to the claims of some of the defendants and allowed their claims to some extent, also preclude the trustee's claims in this case. They move to dismiss the instant complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.

At the outset, it must be noted that only two of the five defendants in the instant case, Stone Masons Supply of Atlanta and the Gale T. Allen Living Trust, were defendants in the previous adversary action. They contend that the dismissal of the first adversary precludes the trustee's claims against them in this case. "Under res judicata, 'a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action.'" *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (quoting *Montana v United States*, 440 U.S. 147, 153 (1979)).

The earlier adversary action sought to avoid liens on trucks and to recover a preferential transfer. The claims in the present action have nothing to do with the avoidance of liens on any property and concern alleged preferential or fraudulent transfers all of which are different in time and amount from the one mentioned in the earlier action. Each transfer falling within the provisions of 11 U.S.C. §§ 547 and 548 is a separate and discrete cause of action . *E.g.*, *New Bedford Capacitor, Inc. v. Sexton Can Co. (In re New Bedford Capacitor, Inc.)*, 301 B.R. 375 (Bankr. D. Mass. 2003); *Gordon v. Slaughter (In re Slaughter Co. & Assocs., Inc.)*, 242 B.R. 97, 101-03 (Bankr. N.D. Ga. 1999); *Coan v. O & G Indus., Inc. (In re Austin Driveway Servs., Inc.)*, 179 B.R. 390, 396-99 (Bankr. D. Conn. 1995). Since they are not "based on the same cause of action," the claims in this second adversary are not precluded by the judgment in the first.

As for the application of collateral estoppel, the Sixth Circuit has stated that, "[u]nder collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Anchor Motor Freight, Inc. v. Intern'l Bd. of Teamsters*, 700 F.2d 1067, 1070 (6th Cir. 1983). None of the alleged preferential or fraudulent transfers at issue in this case was involved in the previous case, and the defendants have not pointed out any issue resolved in the first case that has any bearing on the claims involved in this case. Accordingly, the trustee is not collaterally estopped from pursuing the new claims.[1]

Of the five defendants in this second adversary action, four had filed claims against the debtor in the bankruptcy case, and they now seek to rely on that litigation as a bar to the claims in this adversary action. The exception is defendant Robert M. Allen, II, who has never filed a claim against the debtor. The trustee objected to the claims, and the objections were resolved by final orders of the court granting each of the four defendants an allowed claim. The defendants point out that some courts have applied res judicata as a bar to a trustee's later preference action against a creditor if the proof of claim was litigated to its conclusion. Essentially they argue that "preference litigation [is] precluded by prior claims litigation when regurgitation of the preference was not raised as a ground for disallowance." *Phoenix Restaurant Group, Inc. v. Proficient Food Co. (In re Phoenix Restaurant Group, Inc.)* Nos. 301-12036, 303-0568A, 2004 WL 3113719 (Bankr. M.D. Tenn. Dec. 16, 2004) (noting the split of authority). The better

---

[1] The court also notes that the order of compromise in the first case contains a statement that "this compromise and settlement is a compromise and settlement of the matters specifically set forth therein and *does not compromise or settle any other claims by the Trustee. . . .*" (Emphasis added). There is little doubt that the trustee did not intend to compromise other claims he might have against the defendants in the previous adversary action, and the court recognized that in its order.

reasoned cases reject this preclusionary argument and hold that 11 U.S.C. § 502(d) does not require a trustee to raise his preference or fraudulent transfer claims in the claim allowance process or risk losing them. *Rhythms NetConnections, Inc. v. Cisco Systems, Inc. (In re Rhythms NetConnections, Inc.)*, 300 B.R. 404 (Bankr. S.D. N.Y. 2003); *TWA Post Confirmation Estate v. City and County of San Francisco Airports Comm. (In re TWA Inc. Post Confirmation Estate)*, 305 B.R. 221, 225 (Bankr. D. Del. 2004); *Peltz v. Gulf Coast Workstation Group (In re Bridge Information Sys., Inc.)* 293 B.R. 479, 487 (Bankr. E.D. Mo. 2003).

The claims allowance process is aimed at determining whether or not the debtor is liable to a creditor on a particular claim. The issues are typically resolved as a matter of state law. By contrast, preference and fraudulent transfer litigation is concerned with recovering monies that were definitely owed by the debtor to a creditor but are nonetheless recoverable so as to forward an overriding purpose of the Bankruptcy Code, namely, insuring a more equitable distribution to *all* the creditors of the estate. Preference and fraudulent transfer litigation focuses narrowly on how and when the transfers were made, not on whether the debtor actually owed the debt. Thus the claims made and the issues determined in preference and fraudulent transfer litigation are quite different from those in the claims allowance process, and the court will therefore follow the authorities noted above and hold that a trustee is not automatically precluded from advancing preference and fraudulent transfer claims against creditors who have previously succeeded in getting their claims allowed, even after litigation.

Defendants also rely on the doctrine of judicial estoppel to bar the current adversary action. The doctrine of judicial estoppel prohibits a party "from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Reynolds v. Comm'r*, 861 F.2d 469, 472-73 (6th Cir. 1988). Thus, "before the doctrine of

judicial estoppel may be invoked, the prior argument must have been accepted by the court." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990). Here the trustee did not take a contradictory position in the claims litigation process or the previous adversary action and therefore the application of judicial estoppel is unwarranted. Admitting that a claim is owed by the debtor is not the same thing as admitting that no portion of it can be recovered under 11 U.S.C. §§ 547 and 548 for the benefit of all the creditors.

For the foregoing reasons, the court concludes that the doctrines of res judicata, collateral estoppel, and judicial estoppel do not bar the instant action by the trustee. It follows that the trustee's complaint does not fail to state a claim for which relief can be granted, and the defendants' motion to dismiss will therefore be denied.

The defendants' alternative motion for a change of venue for the convenience of the parties will be set for the necessary evidentiary hearing.

An order will enter in accordance with this memorandum.

# # #